# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

DEVONTEZ DEVON ROBERTS,

        Plaintiff,

vs.

BLACK HAWK COUNTY DISTRICT
COURT, et al.,

        Defendants.

No.  C23-2082-LTS-KEM

**MEMORANDUM
OPINION AND ORDER**

## I.    INTRODUCTION

This case is before me on a motion (Doc. 17) to dismiss and remand filed by defendant Lauren Norcross.  Norcross argues that the pro se amended complaint (Doc. 16) filed by plaintiff Devontez Devon Roberts should be dismissed pursuant to Federal Rule of Civil Procedure 7 and Local Rule 7(e).  Norcross contends that Roberts, as the plaintiff, improperly removed the case to federal court.  Alternatively, Norcross argues that this court does not have federal question jurisdiction and that Roberts fails to state a claim upon which relief can be granted.  The case is also before me for an initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Oral argument is not necessary.  *See* Local Rule 7(c).

## II.    BACKGROUND

This case arises out of a child custody dispute originally filed in the Iowa District Court for Black Hawk County.[1]  Doc. 17.  Roberts, who has filed several other cases

---

[1] This is not the first time Roberts has filed a case in this court regarding a child custody dispute. It appears that his previous cases addressed a different child custody dispute involving another mother. *See* C17-00048-LTS; C23-02084-LTS; C23-02092-LTS.  However, the legal issues and Roberts' arguments in this case are very similar to the previous dispute.

contemporaneous to this case, initially filed a motion to proceed in forma pauperis (Doc. 1), a complaint (Doc. 1-1), a motion (Doc. 4), to file electronically, a motion (Doc. 5) to amend the complaint, a motion for amicus briefs and a pro se motion (Doc. 11) to consolidate cases.  Roberts also filed a number of other documents, which were alternatively filed as notices and supplements.  *See* Docs 2, 3, 7, 8, 9 and 10.

Throughout his filings, which are not models of clarity, Roberts appears to be either complaining about or attempting to remove a child custody case from the Iowa District Court for Black Hawk County to this court.[2]  *See* Doc. 1-1; Doc. 1-2; Doc. 2; Doc 5; Doc 8.  On January 9, 2024, I entered an order (Doc. 13) granting Roberts' motion to file via email, granting his motion to proceed in forma pauperis, dismissing his companion cases and, because his filings were nearly incomprehensible, giving him 30 days to file an amended complaint consolidating all his claims.

Roberts timely filed an amended complaint (Doc. 16).  His amended complaint again generally complains about his state court child custody case and lists the Iowa District Court for Black Hawk County, Judge Kellyann Lekar, Lauren A. Norcross, and attorneys Ian James Russell and Victoria L. Biggerstaff as defendants.  Doc. 16 at 2.  In his complaint, Roberts contends that this court has federal question and supplemental jurisdiction over this action.  Doc. 16 at 3-14.  To support his contention, Roberts lists federal statutes, focusing particularly on the Servicemembers Civil Relief Act.  Doc. 16 at 14-17. Roberts also argues that he was denied First Amendment protections because the state court denied his application for "expanded media coverage." Doc. 16 at 17. Roberts also argues that he was denied due process because the state court denied his motion for summary judgment and that the judge should have recused herself for bias. Doc. 16 at 20-21.  One of the statutes that Roberts lists is 42 U.S.C. § 1983.  Doc. 16

---

[2] As discussed in my prior order, Roberts filed several documents that could be construed as complaints in this case.  In some of those documents, he attached notices of removal. *See* Doc. 1-1; Doc. 1-2; Doc. 2.  In other documents, he asserts arguments justifying removal. *See* Doc 5; Doc 8.

2

at 7.  Finally, Roberts asserts that the state has waived its rights under the Doctrine of Estoppel.  Doc. 16 at 18-20.

Prior to this order, I have not conducted an initial review of the amended complaint, nor have I directed service.[3]  Regardless, on February 27, 2024, defendant Norcross filed a motion (Doc. 17) to dismiss, primarily premised on the idea that Roberts had removed the state court case to this court.  Norcross argues that Roberts improperly removed the case because, under federal law, a plaintiff cannot remove a civil action to federal court.  Doc. 17 at 1.  Norcross also makes other arguments about why Roberts' claims fail on their merits: (1) there is no federal question jurisdiction because the case is purely a child custody matter and thus presents only state law issues; (2) Roberts fails to state a claim upon which relief can be granted because he does not apply the legal principles in his complaint to his claim against the parties; (3)  Section 1983 does not apply to her because she is not a state actor; and (4) her attorneys are improper parties because Roberts has no claims against them.  Doc. 17 at 2.

## III.  APPLICABLE STANDARDS

### A.  *Initial Review and Motion to Dismiss Standards*

Courts must liberally construe a pro se complaint.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).  However, the Court may dismiss an in forma pauperis complaint if it is frivolous, malicious, fails to state a claim upon which relief

---

[3] Under 28 U.S.C. § 1915(d), when plaintiff proceeds in forma pauperis, officers of the court shall issue and prepare the summons and deliver the complaint and summons to the U.S. Marshals Service for service.  *See Wright v. First Student, Inc.*, 710 F.3d 782 (8th Cir. 2013), stating, "[t]he officers of the court shall issue and serve all process, and perform all duties in [cases where a plaintiff is proceeding in forma pauperis]").  Fed. R. Civ. P. 4(c)(3) also states that when a plaintiff proceeds in forma pauperis, the court must order service be made by the U.S. Marshals Service or by a person specially appointed by the court.

3

can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment. 28 U.S.C. § 1915(e)(2).

In reviewing a prisoner or in forma pauperis complaint, unless the facts alleged are clearly baseless, a court must weigh them in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Pro se complaints, however, must allege sufficient facts to support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In determining whether a complaint fails to state a claim under Section 1915(e)(2), courts generally rely on the standards articulated in Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Atkinson v. Bohn, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under 28 U.S.C. § 1915(e)(2). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under Section 1915(e)(2), a court may review the complaint and dismiss sua sponte those claims that fail "to raise a right to relief above the speculative level," *Id*. at 555, or that are premised on meritless legal theories or clearly lack any factual basis, see *Neitzke*, 490 U.S. at 325.

## B.   Section 1983 Standards

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

§ 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42

4

U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (§ 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

Roberts' case fails for at least two reasons. First, if it is an attempt to remove the state court case to this court, the removal was improper. Second, Roberts' amended complaint fails to state a claim upon which relief can be granted.

### A. Improper Removal

As noted above, what exactly Roberts is attempting to achieve in this case is not exactly clear. If he is attempting to remove his state court custody case to federal court, that removal is improper. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (Emphasis added). Roberts is a plaintiff. Therefore, Roberts cannot remove this case to

5

federal court. *See Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435 (2019) ("Section 1441(a) . . . limits removal to 'the defendant or the defendants' in a 'civil action' over which the district courts have original jurisdiction").

**B.** ***Failure to State a Claim Upon Which Relief Can be Granted***

While Roberts asserts that this case involves federal law questions, he fails to articulate his claims with sufficient clarity or plausibility. Roberts lists numerous federal statutes, constitutional provisions, executive orders, and federal court cases, but does not elaborate on how they are applicable to this case. The federal statutory and constitutional issues he does describe are either incomprehensible or do not rise beyond mere speculation. Roberts does not even attempt to explain what claims he has against Norcross or Russell and Biggerstaff. I warned Roberts (Doc. 13) that the allegations in his pleadings need to be "simple, concise and direct," *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (unpublished per curiam) (citation omitted), and that the court "will not mine a lengthy complaint, searching for nuggets that might refute obvious pleading deficiencies." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404-05 (8th Cir. 2017). He did not heed that warning and his amended complaint fails. *See* Fed. R. Civ. P. 8 (requiring a short and plain statement of the court's jurisdiction and the claim).

Roberts' claims also fail because they are barred by various doctrines and immunities. With respect to Roberts' claims against the Iowa District Court for Black Hawk County, sovereign immunity under the Eleventh Amendment bars a suit brought solely against the state or an agency of the state. *See Brown v. Arkansas Dep't of Human Servs.*, 452 F. App'x 690, 691 (8th Cir. 2011) (applying Eleventh Amendment*), Morstad v. Dep't of Corr. and Rehab.*, 147 F.3d 741, 743-44 (8th Cir. 1998) (same); *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (per curiam) (same). In addition, the Iowa District Court for Black Hawk County is not subject to suit under 42 U.S.C. § 1983 because the word "person" does not include states or their political subdivisions. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-71 (1989) (a state and its agencies

6

are not "persons" within the meaning of § 1983); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (a claim for damages under § 1983 may not be asserted against a state or an arm of the state).

Roberts' claims against Judge Lekar are barred by judicial immunity. *See Schottel v. Young*, 687 F.3d. 370, 373 (8th Cir. 2012) (a judge is immune from liability unless the actions are "not taken in the judge's judicial capacity" or the judge's actions are "taken in the complete absence of all jurisdiction"). "Allegations of malice or corruption do not defeat judicial immunity." *Hamilton v. City of Hayti*, 948 F.3d 921, 925 (8th Cir. 2020) (citations omitted). Roberts makes no allegations in this case that fall into the exceptions of judicial immunity; thus, his claim fails.

Finally, Norcross and her attorneys are private parties and their participation in state court proceedings did not constitute state action. *Id.* at 930 ("[A] private party's mere invocation of state legal procedures does not constitute state action."). Thus, neither Norcross nor her attorneys may be liable under § 1983. *See Lindke v. Freed,* 601 U.S. 187, 188 (2024) ("Section 1983's 'under color of' text makes clear that it is a provision designed as a protection against acts attributable to a State, not those of a private person.")

Without a plausible claim involving federal subject matter jurisdiction, this court does not have jurisdiction to hear the merits of this case. In a different child custody case (C17-00048-LTS), I informed Roberts that this court is unable to hear challenges to the determination of child custody. *See, e.g.*, *Ankenbrandt v. Richards*, 504 U.S. 689, 701-03 (1992) (claims seeking to restore a child to the custody of a parent are within the subject of domestic relations, which belongs to the states); *More v. Child Support Recovery*, 383 F. App'x 574, 575 (8th Cir. 2010) (the *Rooker-Feldman* doctrine bars cases brought by state-court losers complaining of injuries caused by state-court judgments); *Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (*Rooker-Feldman* doctrine barred the district court from considering plaintiff's claim that the state court unconstitutionally infringed on his parental rights); *Amerson v. Iowa*, 94 F.3d 510, 513 (8th Cir. 1996) (reviewing abstention principles and determining the district court lacked

7

authority to review the state court termination of plaintiff's parental rights); *Lannan v. Maul*, 979 F.2d 627, 630-31 (8th Cir. 1992) (discussing *Ankenbrandt* and noting that the domestic relations exception is narrow and "divests federal courts of power to issue divorce, alimony decrees and child custody orders"). Because this case presents a domestic relations matter involving child custody issues, subject matter jurisdiction is lacking.

## V. CONCLUSION

For the reasons set forth herein:

1. To the extent this case represents an attempt by plaintiff Devontez Devon Roberts to remove to this court claims pending in the Iowa District Court for Black Hawk County, such removal is improper and this matter is hereby **remanded** to the state court.

2. To the extent this case purports to assert new claims against the named defendants, those claims are **denied** pursuant to § 1915(e)(2) and pursuant to defendant Lauren Norcross' motion (Doc. 17) to dismiss, which is **granted**.

3. This action is hereby **dismissed** and the Clerk of Court shall **close this case**.

4. The Clerk of Court shall provide a copy of this order to the Iowa District Court for Black Hawk County.

**IT IS SO ORDERED** this 26th day of July, 2024.

_____
Leonard T. Strand
United States District Judge